# Koppenhaffer's Appeal.

R. by his will, gave to H. a specific legacy of $2300, but declared that " if she should die without heirs or children, then the half of all she had or will get out of my estate must be paid back to my other seven children, share and share alike." After making several subsequent devises and bequests he directed a sale of his real and personal property and the payment of the legacies and the residue to be divided in equal shares among all his children. In making distribution of the residue the court below required H. to give security for the payment of her whole share thereof. *Held,* reversing the court below, that the contingent qualification did not extend to the whole estate bequeathed to H., but to the one-half only, and that the one-half of her share of said residue should be paid to her absolutely, and the other half on her giving security that the same will be paid over to her brothers and sisters on her death without children.

May 22d 1878. Before AGNEW, C. J., MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ. SHARSWOOD, J., absent.

Appeal from the Orphans' Court of *Dauphin county :* Of May Term 1878, No. 79.

This was an appeal by Hannah Koppenhaffer from the decree of the court below directing the executors of George Romberger, deceased, to pay over to the said Hannah Koppenhaffer the money awarded by the auditor as her distributive share upon the said Hannah giving security that the same will be paid over to her brothers and sisters on her death without child or children. The will of George Romberger is dated the 13th day of April 1871, and a codicil thereto October 15th 1872. He died January 5th 1873, leaving surviving him a widow, Mary Romberger, and eight children, of whom the appellant is one, being a daughter of the said testator. February 5th 1874, the will was admitted to probate, and letters testamentary were granted to David Romberger and John B. Stroup, executors named in the will. The testator, after providing for his widow, continues his will (the orthography being corrected) as follows: "And she [meaning his widow] shall have one thousand dollars out of my personal property yet, and my son Jonas shall have twenty-eight hundred, and my daughter

[Koppenhaffer's Appeal.]

Hannah shall have twenty-three hundred, and my daughter Mary shall have twenty-five hundred, because she worked so much longer, and my daughter Leah she shall have twenty-two hundred, and my daughter Sarah she shall have twenty-four hundred, she worked longer—but it is my will if my daughter Hannah should die without heirs or children and then the half of all she had or will get out of my estate must be paid back to my other seven children in share and share alike."

In a subsequent clause of the will the testator directs as follows:—

"And after the decease of my beloved wife one year, and then the three boys must commence to pay out to my other children, but the boys shall have their share to each one just as much as one of the others of all that money that they have to pay out for their land all, and my executor hereinafter mentioned shall at first pay my honest debts and funeral expenses, and then they shall sell my tract of land that I bought of John Messner, sell at public sale, and fifteen acres within a couple of rods of that mountain land that I bought of John N. Speck, and the highest bidder to be the buyer, and then put that money to my personal property and divide it as it is stated above in my will, and as soon as my executors have sold the personal property and that tract of land, and then they may commence to pay out to them that my will says. * * *

"And if that personal property and that Messner tract and that piece of mountain land does not reach for all that my will says, and then the boys have to pay some out of that what they have to pay on their land after the decease of my beloved wife, and if it should be a surplus and then they shall take five hundred dollars and put it in the bank for the use of our church, and if it is more surplus, then divide it in equal shares among *all my children*, that is more than five hundred dollars that our church shall have the five hundred first if there is a surplus, and the rest divided among all my children."

The auditor to make distribution reported that the testator left the following children or legatees, all of whom he provided for in his will, viz.: Jonas Romberger, John G. Romberger, George K. Romberger, Hannah, intermarried with Edward Koppenhaffer, Mary, intermarried with Daniel Knoll, Baltzer H. Romberger, and Sarah, intermarried with John H. Urich, and Leah, intermarried with Isaac Moyer.

That the widow, Mary Romberger, died on the 15th day of March 1873, a few months after the testator. That John G. Romberger was her administrator. He also reported the sum of $19,149.16 for distribution, and in distributing the same says:—

"The legacies are distributed as the will directs, without any allowance of interest on the same, the executors having settled with the legatees soon after the death of the decedent, and within the year usually allowed for the payment of legacies."

After deducting the several legacies, altogether amounting to the sum of $13,200, the auditor reports a balance or surplus of $5889.16, which he designates and refers to as the surplus mentioned in the will, and distributed the same accordingly, first setting apart to the St. Paul's Lutheran Church the sum of $500, with its interest, and dividing the balance among all the children of the testator, being the sum of $661.48 to each child.

There were no exceptions filed to the report of the auditor, and his report was confirmed absolutely March 20th 1876.

Subsequently, on motion of the counsel for the executors, the court ordered $661.48, the distributive share of said Hannah, to be paid into court, "it being surmised by said executors that the said Hannah is not entitled to the same without giving security therefor, with leave to said Hannah to move to take the same out of court on proper notice to be directed by the court." Then, on behalf of said Hannah, the court granted a rule on her brothers and sisters to show cause why the money in court should not be paid to her as her absolute legacy without giving security.

This rule, the court, Pearson, P. J., afterwards discharged, and made the following decree:—

"It is ordered that the money in court be paid to Hannah Koppenhaffer, on her giving security that the same will be paid over to her brothers and sisters on her death without child or children, she to receive the interest during her lifetime for her own use."

From this decree this appeal was taken.

*George W. Zeigler* and *L. H. Kase*, for appellant.

No paper-book nor oral argument for appellees.

Mr. Justice MERCUR delivered the opinion of the court, October 7th 1878.

The money, in regard to which this contention arises, was decreed to the appellant as her share of the residuary estate of George Romberger, under his last will and testament. The only question is, whether she shall be required to give security for its payment over to her brothers and sisters on her death without child or children?

The will of Romberger, to which we are asked to give construction, was written by himself. His imperfect knowledge of the English language, and his ignorance of orthography, have united in producing an instrument not entirely clear in its provisions. Putting the clauses, relating to the appellant, into intelligent language, we understand him to give to her a specific legacy of $2300, but to declare that "if she should die without heirs or children, then the half of all she had or will get out of my estate, must be paid back to my other seven children, share and share alike." After making several subsequent devises and bequests, he directed a sale to be

made of his lands and personal property, and the payment of the legacies; and the residue of his estate to be divided in equal shares among all his children.

No question is now made as to the specific legacy. That appears to have been settled in some manner satisfactory to all parties. The case is therefore restricted to deciding under what conditions she takes a share of the residuary estate.

Although the language of the will is "heirs or children," yet it is very clear the testator did not use the word "heirs" in its general legal sense, for all of her seven brothers and sisters to whom he directed the money to be paid, were her lawful heirs. He used it as synonymous with children. She was childless. Her remaining in that condition, was the thought in his mind. It dictated his language. He was giving her personal estate. He intended to qualify its distribution in the contingency of her dying without leaving a child or children. No rule of law prevents effect being given to his clear intention.

It is evident that he had in his mind not only her specific legacy, but all the estate she might take under his will. Although the qualifying clause followed soon after the giving of the specific legacy, which he may have thought she "had" gotten, yet when he added "or will get out of my estate," he would appear to have had in view the residuary clause which he added. To now exclude the residuary share would prevent the will from covering "all she had or will get" out of his estate. It would defeat the main purpose of the will. Such a construction would be contrary to its letter and its spirit. To include the residuary estate is within the whole scheme of the will: Middleswarth v. Blackmore et al., 24 P. F. Smith 414; Schott's Estate, 28 Id. 40. This contingent qualification did not extend to the whole estate bequeathed to the appellant, but to the one-half only. The learned judge erred in requiring security to be given for the payment of the whole sum, and for that reason the decree must be reversed.

DECREE.—This cause came on for hearing on the appeal of Hannah Koppenhaffer, from the decree of the Orphans' Court of Dauphin county, and was argued by counsel, and thereupon, on consideration thereof, it is adjudged and decreed that the decree of the said Orphans' Court in the premises be reversed and set aside. It is further ordered and decreed, that one-half of the money in court be paid to said Hannah unconditionally, and that the other half thereof be paid to her on her giving security that the same will be paid over to her seven brothers and sisters, on her death without child or children, she to receive the interest thereon during her lifetime for her own use. It is further ordered that the appellant and the appellees shall each pay one-half of the costs of this appeal.